JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

KYLE F. WALDINGER (ILSB 6238304)
Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California 94102
   Telephone: (415) 436-6830
   Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | No.: | CR 07-0641 SI |
| ) | | |
| Plaintiff, ) | **UNITED STATES' SENTENCING MEMORANDUM** | |
| ) | | |
| v. ) | | |
| ) | | |
| MINH DANG, ) | Hrg. Date: | May 16, 2008 |
| ) | Time: | 11:00 a.m. |
| ) | Court: | Hon. Susan Illston |
| Defendant. ) | | |
| ) | | |

On February 1, 2008, the defendant Minh Dang pleaded guilty to Count Two of the Indictment, which charged him with interference with commerce by extortion, in violation of 18 U.S.C. § 1951(a) (the Hobbs Act). The defendant is scheduled to be sentenced on May 16, 2008.

The United States now files this Sentencing Memorandum to address the offense conduct, the provisions of the parties' Plea Agreement, and the calculation of the Sentencing Guidelines, as well as to advise the Court of its sentencing recommendation of eight (8) months' imprisonment. The United States also requests that the Court impose a three-year term of supervised release, with a special condition that the defendant serve the first two (2) months of that term in community confinement. The Court should also order the defendant to pay the $100 special assessment at the time of sentencing.

USA'S SENTENCING MEMORANDUM
CR 07-0641 SI

**DISCUSSION**

**I.   The Offense Conduct.**

In the PSR, the Probation Officer provides an accurate description of the offense conduct in this case. See PSR, ¶¶ 6–24. As set forth in the PSR, the Plea Agreement, and the Indictment, the defendant was working for a moving company on June 2, 2006. On that day, he helped to move the personal belongings of an officer of the company Qualys, Inc. from that individual's residence in San Francisco to his new residence in the South Bay. (Qualys is a provider of computer network security services located in the San Francisco Bay Area.) During that move, the defendant participated in stealing a "camcorder" from among the Qualys officer's personal possessions. The defendant later discovered that the camcorder contained a video disc depicting the Qualys officer engaging in sexual activity with another person.

Thereafter, between about June 20, 2006 and about August 15, 2006, the defendant sent numerous e-mails to various Qualys executives in an effort to sell the video. Some of those e-mails are set forth in the PSR. See PSR, ¶¶ 7, 11, 12, 14–16, 18, 19, 21, 22, 24. In many of these e-mails, the defendant sought to obtain payment from Qualys for the video. In a series of e-mails at the end of July 2006, the defendant agreed to sell the video to Qualys for $25,000. See PSR, ¶¶ 23–24. These e-mails are the basis for the 4-point adjustment set out in ¶ 7 of the Plea Agreement and in ¶ 41 of the PSR.

The defendant also sent e-mails to numerous competitors of Qualys. (A few of these companies informed Qualys that they had received these e-mails.) In those e-mails, the defendant informed Qualys's competitors that he was in possession of the video, and he offered to sell that video to those competitors. PSR, ¶ 20. In many of the e-mails that the defendant sent to Qualys, the defendant informed Qualys that he had offered to sell the video to Qualys's competitors. See, e.g., PSR, ¶ 16. By sending these e-mails to the Qualys executives, the defendant intended to extort money from Qualys by wrongfully inducing in Qualys executives a fear that Qualys would be economically harmed.

**II.   Plea Agreement.**

The parties entered into a written plea agreement pursuant to Federal Rule of Criminal

Procedure 11(c)(1)(C). The parties agreed that the base offense level was level 9, pursuant to U.S.S.G. § 2B3.3(a). The parties also agreed that a four-point enhancement in the offense level was appropriate pursuant to U.S.S.G. § 2B3.3(b)(1) based on the amount of money demanded by the defendant at the culmination of the offense conduct (see PSR, ¶¶ 23–24) for a final offense level (assuming a reduction for acceptance of responsibility) of 11.

### III.   The Guidelines Calculations.

#### A.   Offense Level

The government agrees with the Probation Officer that the adjusted offense level is level 13. The government further agrees that the defendant has met the requirements of U.S.S.G. § 3E1.1 regarding acceptance of responsibility and that the offense level therefore should be reduced by two levels to level 11.

#### B.   Criminal History Category

Based on the information set out in the PSR, the government agrees that defendant is appropriately placed in criminal history category II.

### IV.   Sentencing Recommendation.

The United States recommends that the Court impose a term of imprisonment of eight (8) months' imprisonment, to be followed by a term of supervised release of three years (the first two months of which should be served in a halfway house). Because the defendant's Guidelines range falls within "Zone C" of the Guidelines, the minimum sentence of imprisonment of 10 months may be satisfied by a sentence of imprisonment or

> a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 5C1.1(d). In this case, one-half of the minimum term of imprisonment is 5 months. Accordingly, a sentence of imprisonment of 8 eight months that includes an additional 2 months of community confinement comports with U.S.S.G. § 5C1.1(d).

The United States believes that, taking into account the applicable Guidelines range, and the factors set out in 18 U.S.C. § 3553(a), this 80/20 "split" sentence is appropriate.

1    <u>First</u>, the defendant attempted to extort $25,000 from the victim company in this matter, and did so by sending numerous e-mails to executives of that company, as well as to executives of many of that company's competitors.  The defendant also appeared willing to sell the video to Qualys's competitors.  If one of those competitors had purchased the video and disseminated it on-line, significant economic hard could have come to Qualys (which, notably, was preparing for an Initial Public Offering at the time of the offense, <u>see</u> PSR, ¶ 9).  <u>See also</u> PSR, ¶¶ 28–29 (victim statement)

<u>Second</u>, the defendant's conduct occurred over a period of numerous weeks — from June 2006 to August 2006 — and continued without interruption until the execution of the search warrant in this matter.

<u>Finally</u>, the defendant's past criminal conduct (<u>see</u> PSR, ¶¶ 33, 52–53, 55–60) suggests the need for this Court to impose a sentence of imprisonment in this matter to serve as a deterrent to engaging in criminal conduct in the future.

Counterbalancing these concerns are the facts that the defendant is young and that no great harm appears to have been done to the victim company or to the reputation of its officer.

For all of these reasons, the United States believes that a sentence of imprisonment of 8 months, followed by a term of supervised release in which the defendant serves 2 months in a halfway house, would adequately achieve the goals of sentencing and would represent a reasonable sentence.

## CONCLUSION

Based on the Guidelines calculations agreed to by the parties, the nature of the crime, the characteristics of the defendant, and on all of the factors in this case, the United States respectfully recommends a sentence of 8 months' imprisonment, to be followed by a three-year term of supervised release.  To comply with the provisions of U.S.S.G. § 5C1.1(d), this Court should impose a special condition of supervised release that requires the first 2 months of the supervised release term to be served in a halfway house.  The Court should also impose a special

/ / /

/ / /

assessment of $100. The government does not recommend a fine for the reasons stated in the PSR.

DATED: May 8, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
KYLE F. WALDINGER
Assistant United States Attorney

USA'S SENTENCING MEMORANDUM
CR 07-0641 SI                                              -5-